FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 24, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK ALAN BUCKNUM,<br><br>Defendant. | No. 2:26-CR-00062-TOR-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INFORMATION |

On June 24, 2026, the Court held a hearing for Defendant PATRICK ALAN BUCKNUM's initial appearance and arraignment based on an Information. Defendant appeared out of custody represented by attorneys Jake Taylor and Keith Woodwell.  Assistant U.S. Attorney Jeremy Kelley represented the United States. U.S. Probation Officer Patrick Dennis was also present.

Defendant consented to the proceedings being conducted by video with the Court presiding in Yakima, Washington; and Defendant, his counsel, and the Government appearing in Spokane, Washington.

Defendant was advised of, and acknowledged, his rights.  The Court entered a plea of not guilty to the Indictment on Defendant's behalf.

United States did not seek, and U.S. Probation did not recommend, Defendant's detention.

ORDER - 1

Accordingly, **IT IS ORDERED:**

1.     Defendant shall be released on the following conditions:

| | GENERAL CONDITIONS |
|---|---|
| 1 | Defendant shall not commit any offense in violation of federal, state, or local, or tribal law.  Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation.  Defendant shall comply with all conditions of supervision imposed by other courts. |
| 2 | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| 3 | Defendant shall sign and complete A.O. Form 199C before being released.  Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address, phone number, or employment. |
| 4 | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |
| 5 | Defendant shall not possess a firearm, destructive device, or other dangerous weapon.  There shall be no firearms in the home where Defendant resides. |
| 6 | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
| 7 | Defendant shall surrender any passport to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. |
| 8 | Defendant shall remain in the the State of Washington while the case is pending.  Defendant may be permitted to travel outside this |

ORDER - 2

| | geographical area *with advance notice and approval* from U.S. Probation. |
|---|---|
| 9 | Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. |
| 10 | Defendant shall maintain or actively seek lawful employment. |
| 11 | Defendant shall contact defense counsel at least once a week. |
| | **CONTROLLED SUBSTANCES** |
| 12 | **Controlled Substances Prohibition:** Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law. |
| 13 | **Alcohol Prohibition:** Defendant shall not use any alcoholic beverage to excess. |
| | **FINANCIAL CONDITIONS** |
| 14 | **Financial Records:**  Defendant shall disclose any and all personal financial information and business records, to include execution of a Release of Financial Information form, as requested by the U.S. Probation Office. |
| 15 | **Financial Employment:**  Defendant shall not engage in any form of employment which would allow access to financial information, to include the following:  personal identifiers, credit accounts, bank accounts of any individual, business, or other entity. |
| 16 | **Assets:**  Defendant may not liquidate any assets with a value over $1,000 without prior approval of U.S. Probation. |

ORDER - 3

| 17 | **Liabilities:** Defendant may not make or incur any loan or enter into any new credit agreement over $1,000 without prior approval of U.S. Probation. |
|----|----|

2.      If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

3.      If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant.  If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

4.      The Court directs the parties to review the Local Criminal Rules:

ORDER - 4

https://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders

5.    Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*:

a.    The government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence.  *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009).  Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

b.    Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence.  If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

c.    If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

d.    This Disclosure Order is entered under Rule 5(f) and does not relieve any part in this matter of any other discovery obligation.  The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to,

ORDER - 5

the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges.  Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent.  As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'"  *Turner v. United States*, 582 U.S. 313, 315 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

6.    If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED June 24, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 6